MESEROLE SECURITIES CO., INC., Plaintiff, v. JACK T. COSMAN and Others, Defendants.

Supreme Court, New York County, January 12, 1928.

Bills and notes — action by non-banking corporation against indorsers —notes were discounted by plaintiff — under Banking Law, § 140, plaintiff is forbidden to discount notes and notes discounted by it are void — plaintiff cannot recover.

The plaintiff, a non-banking corporation, which discounted the two promissory notes on which this action is based, cannot recover thereon, for under section 140 of the Banking Law it is prohibited from carrying on the business of discounting notes under a penalty which prescribes that any note discounted by any non-banking corporation shall be void.

PLAINTIFF sues separately on two promissory notes made by a corporation not a defendant, payable to defendant Cosman, which before maturity were indorsed by all the defendants for value and delivered to the plaintiff.

*Louis Rosenberg*, for the plaintiff.

*Strasbourger & Schallek* [*Max L. Schallek* of counsel], for the defendant Cosman.

*Louis J. Rosett*, for the defendants National Evans, etc., and Evans and Dintenfass.

MULLAN, J. The several defendants rely upon various defenses applicable to their respective situations, but they all join in urging one defense, viz., that the notes were discounted by plaintiff, a non-banking corporation, that such discounting was illegal and that plaintiff is thus barred. For over a century it has been unlawful in this State for a non-banking corporation to keep an office for the discounting of commercial paper. (Laws of 1818, chap. 236.)

From time to time restrictions upon non-banking corporations in respect to commercial paper were extended (see 1 R. S. 712), until in their present form they prohibit any corporation other than a National bank or a Federal reserve bank to " employ any part of its property, or be in any way interested in any fund which shall be employed for the purpose of  *  *  *  making discounts,  *  *  *. All notes and other securities for the payment of any money or the delivery of any property, made or given to any such association, institution or company, or made or given to secure the payment of any money loaned or discounted by any corporation or its officers, contrary to the provisions of this section shall be void."    (Banking Law, § 140.)    A non-banking corporation shall not " by any implication or construction be deemed to possess the power of carrying on the business of discounting bills, notes,  *  *  *."    (Gen. Corp. Law, § 22, as amd. by Laws of 1911, chap. 771.)    " Three or more persons may become a stock corporation for any business purpose or purposes except to do in this state any business for which a corporation may be formed under  *  *  *  the banking law."    (Stock Corp. Law, § 5.)    Under the Banking Law a corporation may be formed to discount notes.    (Banking Law, § 106, subd. 1.)    The plaintiff was organized under the Stock Corporation Law.    It was stipulated that it " is engaging and that prior and subsequent to and coincident° with the transaction at bar, the plaintiff engaged among other of its transactions in numerous transactions of the same nature and of the same legal effect as the transaction at bar." It would seem to follow: (1) That the plaintiff is expressly forbidden to carry on the business of discounting notes, and that it is also prohibited under penalty of rendering the note void from discounting even a single note.    (Banking Law, § 140.)    Whether these restrictions constantly becoming more drastic are designed to insure to the public the supervision of the Banking Department over all corporations discounting commercial paper (see *Chelten Trust Co.* v. *Nat. Automatic Press Co.*, 216 App. Div. 380), or to insure a monopoly to banks of the discount business it is unnecessary to determine.    Both results are accomplished.    The notes are void in the hands of the plaintiff, and so the courts cannot entertain a suit upon them.    It may be possible that the plaintiff could have availed of the action for money had and received, but that question is not before me.    The conclusion I have reached on the illegality defense makes it unnecessary to consider any of the other points argued.    The complaint is dismissed upon the merits as against all defendants with the exception of plaintiff.    Thirty days' stay and sixty days to make case.