BUSINESSMEN'S MORTGAGE AND CREDIT CORPORATION, Plaintiff, *v.* JACOB DOBJINSKY and Others, Defendants.*

Municipal Court of New York, Borough of Manhattan, Second District, February 21, 1928.

*Arnold Jacoby* [*Leo B. Mittelman* of counsel], for the plaintiff.

*Oscar A. Katz* [*Harry Rubin* of counsel] for the defendants.

LAUER, J. The plaintiff loaned to one of its stockholders, the defendant Jacob Dobjinsky, as maker, on the faith of the signature of the maker and three indorsers, the sum of $1,000. Although the note is blank as to when it was payable, it seemed to be conceded at the trial that the note was payable in weekly installments of twenty dollars each.

There are two defenses interposed; one of usury, and the other that the instrument in suit is void under section 140 of the Banking Law. The claim of usury is predicated upon a computation of interest, in which it is claimed that the plaintiff took sixty-seven

---

* Judgment affirmed by Appellate Term, October 14, 1929, without opinion.

and one-half cents interest in excess of the legal rate. The amount is so trifling that it is possible that it represents some error in computation, and I think it may be disregarded.

A more serious question, however, may be presented by the other defense. It appears that the plaintiff is incorporated under the Business Corporations Law of this State. The officer of the plaintiff who was sworn admits that the company makes loans to its own stockholders upon the stockholder's application. This was done in the present case. The plaintiff is not incorporated under the Banking Law. Section 140 of the Banking Law provides: " No corporation, domestic or foreign, other than a national bank or a federal reserve bank, unless expressly authorized by the laws of this state, shall employ any part of its property, or be in any way interested in any fund which shall be employed for the purpose of receiving deposits, making discounts, or issuing notes or other evidences of debt to be loaned or put into circulation as money. All notes and other securities for the payment of any money or the delivery of any property, made or given to any such association, institution or company, or made or given to secure the payment of any money loaned or discounted by any corporation or its officers, contrary to the provisions of this section shall be void."

It is not shown that the plaintiff received deposits or issued notes or other evidences of debt to be loaned or put into circulation as money. The only other act which is prohibited is that of " making discounts." I do not think that the loaning of money by the plaintiff directly to its stockholders can be said to be within the purview of the prohibited act, i. e., " making discounts."

Accordingly I conclude that the statute has not been violated.

It is true that article XI of the Banking Law, sections 450 to 479 thereof, provides for the incorporation of an organization known as a credit union. It is claimed that in substance this plaintiff is doing the business of a credit union. Credit unions are given by the statute certain special powers, and certain additional obligations are placed upon such incorporations. They are entitled to charge certain fees which a business corporation would not be entitled to charge, and are likewise entitled to charge one per cent a month as interest. The plaintiff, however, is not incorporated under this law. The only concern of this court is whether the instrument sued on is made void by the statute. If the plaintiff is doing business contrary to the laws of this State, other and appropriate remedies are open to the proper parties for the enforcement of these other laws.

It follows that judgment should be for the plaintiff. Judgment for the plaintiff for $980. Five days' stay.