THE VOLUNTARY ASSOCIATION, INC., Plaintiff, *v.* LOUIS GOODMAN and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, Third District, June 27, 1930.

*Louis Stone*, for the plaintiff.

*Morris J. Solomon*, for the defendants.

WASSERMAN, J. This is an action to recover the sum of $200, the balance due on a promissory note for $500, made by the defendant Goodman to the plaintiff on the 20th day of May, 1929, and indorsed by the defendant Dashman for the purpose of lending credit to the defendant Goodman, and which note was given to secure the payment of the sum of $500 loaned by the plaintiff to the defendant Goodman.

Two defenses are interposed. One, that the note was received by the plaintiff in violation of section 140 of the Banking Law of the State of New York. The other defense is that in making the loan, the plaintiff charged a usurious rate of interest.

The plaintiff is a domestic membership corporation organized ostensibly for the purpose of giving voluntary assistance in case of sickness and distress. In reality the purpose of the plaintiff is to create a fund, by the sale of shares to its members, and to use the fund to make loans to its members to be secured by promissory notes made to the order of the plaintiff and indorsed by responsible individuals. The notes are made payable on demand, but there is an understanding that they were to be paid in equal weekly installments over a period of six months or one year, as the parties agreed at the time of the loan. The borrower was required to pay to the plaintiff, at the time that he received the loan, and in advance, an amount equal to six per cent interest on the amount borrowed for the whole period of the loan plus an investigation fee of $5 for each loan not exceeding $500. The profits earned by the plaintiff in these transactions are distributed among its members in proportion to their shares. The defendant Goodman is a member of the plaintiff corporation and he was such a member at the time that he borrowed the money on the note in question.

There is no doubt that the plaintiff is engaged in beneficent, and, to a certain extent, charitable work. Not only does it encourage thrift among its members, but it enables them to borrow money readily, when in need, on easy terms and at moderate rates and with profit to themselves. The court can have no sympathy with the defendants for interposing the defenses made herein. It is despicable for a person to borrow money when in need and then to try to evade the repayment of it by defenses like those interposed in this case. The defendant Goodman is attempting to rob his fellow-members of a part of their hard-earned savings. Such a man is unworthy of the association of decent people.

It is the imperative duty of the court, however, to apply the law as it finds it. It cannot interpose either its judgment or its sympathies against the expressed mandates of the statutes. The stability of government depends on the respect for its laws by its citizens. The judiciary cannot and should not usurp the prerogatives of Legislatures. No matter how distasteful it may be to the court to apply the law of the land in particular cases, it must do so to the end that law and order prevail. If the plaintiff is violating the law of our State, it is aiming a blow at the orderly administration of justice, and no matter how beneficent its work may be, it should not be encouraged by the court. It is far better for society

that courts should countenance even unconscionable defenses than to encourage disregard for law.

Section 140 of the Banking Law prohibits corporations not authorized by the Banking Law from using their funds for " making discounts," and declares that all notes given to secure the payment of any money loaned or discounted contrary to this section, shall be void. There is no doubt that the funds of the plaintiff were used solely for making loans to its members. Making loans is comprehended under the term " making discounts." (*Meserole Securities Co., Inc.*, v. *Cosman*, 131 Misc. 361; *Royal Diamond Co., Inc.*, v. *Ostrin*, 133 id. 555; *Common Finance Corp.* v. *Balsam*, Id. 512; *Pratt* v. *Short*, 79 N. Y. 437; *New York State Loan & Trust Co.* v. *Helmer*, 77 id. 64.) The cases cited deal with business corporations, but they apply with even greater force to membership corporations. It is expressly provided by statute that no corporation, other than those formed under the Banking Law of this State, shall be deemed to possess banking powers by implication or construction. (Gen. Corp. Law of 1929, § 18.)

I cannot agree with the conclusions reached by Mr. Justice LAUER in *Businessmen's Mortgage & Credit Corp.* v. *Dobjinsky* (135 Misc. 628), that loaning money by a corporation to its stockholders is not covered by the term " making discounts." No authority is cited by him in support of such conclusion which is contrary to the evident intent of the Legislature and to the common and generally accepted meaning of the term. To hold that loaning money by a corporation to its stockholders is not " making discounts," would open the doors wide to corporations not organized under the Banking Law to do a substantial banking business without being subjected to those safeguards which the Legislature deemed wise to throw about the banking business.

The Legislature recognizes the need of institutions to do the kind of work that the plaintiff is doing and has provided for credit unions to be organized under article XI of the Banking Law. Whether the Banking Department is short-sighted in its policy in limiting the formation of credit unions is a matter for either the executive or legislative departments of our government and not for the courts. The undisputed facts are that the plaintiff, a membership corporation, with no banking powers, is engaged in the business of mutual banking in a manner permitted only to credit unions, without having complied with the Banking Law and consequently all notes received by it for loans made by it are made void by section 140 of the Banking Law.

Judgment for the defendants, dismissing the complaint on the merits.